**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VIRTUAL CREATIVE ARTISTS, LLC,** | C.A. No. 1:24-cv-11770 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| **CARS.COM, LLC,** | **PATENT CASE** |
| Defendant. | |

<u>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff Virtual Creative Artists, LLC files this Original Complaint for Patent Infringement against Cars.com, LLC and would respectfully show the Court as follows:

## I.  <u>THE PARTIES</u>

1.      Plaintiff Virtual Creative Artists, LLC ("VCA" or "Plaintiff") is a Delaware limited liability company, having business address at 338 Gracious Way, Henderson, NV  89011.

2.      On information and belief, Defendant Cars.com, LLC ("Cars.com" or "Defendant") is a corporation organized and existing under the laws of Delaware. Defendant has a place of business at 300 S. Riverside Plaza Suite 1000, Chicago, IL 60606. Defendant has a registered agent at C T Corporation Service Company, 208 SO LaSalle St, Suite 814, Chicago IL 60604.

## II.  <u>JURISDICTION AND VENUE</u>

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Illinois Long-Arm Statute, due at least to its

business in this forum, including at least a portion of the infringements alleged herein at 111 W

Erie St. Chicago, IL 60654.

5.      Without limitation, on information and belief, within this state, Defendant has used

the patented inventions thereby committing, and continuing to commit, acts of patent infringement

alleged herein.  In addition, on information and belief, Defendant has derived revenues from its

infringing acts occurring within Illinois.  Further, on information and belief, Defendant is subject

to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging

in other persistent courses of conduct, and deriving substantial revenue from goods and services

provided to persons or entities in Illinois.  Further, on information and belief, Defendant is subject

to the Court's personal jurisdiction at least due to its sale of products and/or services within Illinois.

Defendant has committed such purposeful acts and/or transactions in Illinois such that it

reasonably should know and expect that it could be haled into this Court as a consequence of such

activity.

6.      Venue is proper in this district under 28 U.S.C. § 1400(b). On information and

belief, Defendant has businesses in this district at 300 S. Riverside Plaza Suite 1000, Chicago, IL

60606.  On information and belief, from and within this District Defendant has committed at least

a portion of the infringements at issue in this case.

7.       For these reasons, personal jurisdiction exists and venue is proper in this District

under 28 U.S.C. § 1400(b).

### III.   COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,339,576)

8.      Plaintiff incorporates the above paragraphs herein by reference.

9.      On July 2, 2019, United States Patent No. 10,339,576 ("the '576 Patent") was duly

and legally issued by the United States Patent and Trademark Office.  The '576 Patent is titled

"Revenue-Generating Electronic Multi-Media Exchange and Process of Operating Same." A true and correct copy of the '576 Patent is attached hereto as Exhibit C and incorporated herein by reference.

10. VCA is the assignee of all right, title, and interest in the '576 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '576 Patent. Accordingly, VCA possesses the exclusive right and standing to prosecute the present action for infringement of the '576 Patent by Defendant.

11. The application leading to the '576 patent was filed September 9, 2016, which was a continuation of application no. 13/679,659, which issued as United States Patent No. 9,477,665, which was a continuation of application no. 14/308,064 which issued as the '480 Patent. (Ex. C at cover). The '576 patent was first assigned to Virtual Creative Artists, LLC. (*Id.*).

12. The invention relates to the field of creating and distributing media content, in particular, creating media content based upon submissions received on an electronic media exchange. At the time of the original invention in 1998, there was an Internet-centric problem that required a technical solution—how to develop a computer system that would allow remote contributors of electronic content to share and collaborate their content to develop new media content. The claimed invention, which predates modern crowdsourcing solutions, offers a unique, unconventional, and specially configured combination of "subsystems" in which to address the Internet-centric problem.

13. Claim 17 is directed to a computer-based system for generating multimedia content using three operatively coupled distributed processing subsystems: a submissions subsystem, a creator subsystem, and a release subsystem. (Ex. A at 39:22–41:6). Each subsystem has a distinct operation. The submission subsystem receives content that "may be transformed in the same form

or adapted into multi-media content for distribution." (*Id.* at 3:26–30, 4:5–11). The creator subsystem allows a user to search for submitted content, select a submission, and modify and develop the submission. (*Id.* at 4:27–41). The release subsystem allows a user to view the final, developed submission. (*Id.* at 4:42–45). The '576 patent distinguishes this claimed distributed architecture from "a single computer acting as a central controller." (*Id.* at 9:55-58).

14.     As set forth in the claims, the claimed invention has a collection of unconventional and particularly configured subsystems, including:

- "an electronic media submissions server subsystem,"

- "an electronic multimedia creator server subsystem,"

- "an electronic release subsystem,"

- "an electronic voting subsystem," and

- a specialized, centralized database.

This claimed computer-based distributed architecture had technical advantages over the other prior art systems known at the time. Particularly, the claimed "arrangement yields a more dynamic and flexible system, less prone to catastrophic hardware failures affecting the entire system." (Ex. A at 10:10-12).

15.     Each of these subsystems are configured in a very specific (and not generic), unconventional and non-routine manner to offer the novel and non-obvious claimed invention. For example, claim 17 requires an "electronic media submissions database," which is a subsystem that receives media submissions from Internet users. This is not a generic database but rather a scalable database that must be able to receive, store, and manage multiple petabytes of multimedia data received from users all over the world. In fact, the specification discloses the use of a sophisticated database management system known in the art at the time that was capable of

4

handling data at this level, Oracle7. This type of database management system cannot operate on a generic computing system but rather requires specialized hardware and software.

16.     As another example, the claim requires a specifically configured "electronic media submission server subsystem." This subsystem is defined as specifically having:

- "one or more data processing apparatus,"
- "one or more database stored on a non-transitory medium," and
- "a submissions electronic interface."

The "submissions electronic interface" is further specifically "configured" [1] "to receive a first electronic media submission from a first user of a plurality of users over a public network, and [2] store said first electronic media submission in said one or more database." Further, "the electronic media submissions database" in this subsystem is further required to "receive a first electronic media submission that includes: [1] data identifying the first user, and [2] data identifying date and time associated with receipt of the first electronic media submission, and [3] data indicating content of the first electronic media submission." Collectively, the level of detail included in this very particular, well-defined, and unconventional subsystem makes clear that the claims include substantially more than the alleged abstract idea or merely performing an alleged abstract idea on a computer.

17.     Similarly, the claim also requires a separate specifically configured "an electronic multimedia creator server subsystem." The claim specifically defines how this second subsystem interacts with other components including being "operatively coupled to the electronic media submissions server subsystem." The claim also specifically defines this subsystem as "having":

- "one or more second data processing apparatus" and
- "an electronic content filter"

18.    This subsystem is also specifically "configured [1] to apply criteria associated with at least one user of the plurality of users to obtain a plurality of electronic media submissions from the one or more database and [2] to develop multimedia content to be electronically available for viewing on at least one user device associated with the first user."  Even more detail is provided by requiring "data identifying a respective user is maintained for each electronic media submission within the multimedia content."  Here again, collectively, the level of detail included in this very particular and well-defined and unconventional subsystem makes clear that the claims include substantially more than an alleged abstract idea or merely performing an alleged abstract idea on a computer.

19.    The claim also includes "an electronic release subsystem," which is well defined and not conventional or routine.  The claim defines how this subsystem is "operatively coupled to the electronic multimedia creator server subsystem."  The claim also defines the components of this subsystem as having "one or more third data processing apparatus" and being particularly "configured to make the multimedia content electronically available for viewing on a plurality of devices."  These details, collectively, also make this very particular and well-defined and unconventional subsystem substantially more than an abstract idea or performing an abstract idea on a computer.

20.    The claim also requires "an electronic voting subsystem," which is well-defined, specific, and unconventional.  This claimed subsystem has "configured to allow at least a third user to electronically vote for multimedia content."

21.    **Direct Infringement.** Upon information and belief, Defendant has been directly infringing claims 17 and 19 of the '576 Patent in Illinois, and elsewhere in the United States, by

employing a computer-based system using https://www.cars.com/ ("Accused Instrumentality")
(*e.g.,* https://www.cars.com/).

22.     Cars.com uses a computer-based system for its Accused Instrumentality, to generate multimedia content by enabling user-sellers to create personalized seller profiles (such as a dealer profile) containing multimedia content and publish multimedia content in the form of vehicle listings containing associated image content and textual content. User-Seller profiles may showcase information about the seller or dealer and other vehicle listings of the seller, each of which include multimedia content in the form of image and textual content. Vehicle listings containing multimedia content may be shown to other users based on, *inter alia*, user-selected criteria. Cars.com, during the relevant time period, took advantage of multiple cloud server providers for Accused Instrumentality, as discussed above, as well as scalability within its cloud server providers, employing separate server subsystems for all its meaningfully different functions. Cars.com uses, and has used during the relevant time period, numerous different networks and providers for, *inter alia*, content management systems, web servers, web hosting, data centers, proxy certificates, SSL certificates, traffic analysis, advertising, and tagging, thereby using separate server subsystems for all its meaningfully different functions, such as those indicated below.



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.,* https://www.youtube.com/watch?v=xDPDfqP9a6U).

23.     The Accused Instrumentality includes an electronic media submissions server subsystem, having one or more data processing apparatus and one or more database stored on a non-transitory medium, as well as a submissions electronic interface to receive electronic media submissions (such as vehicle listings and associated media) from user-sellers over a public network (such as the Internet) and store said first electronic media submission in said one or more database with at least a second electronic media submission received from other user-sellers. The electronic media submission includes (i) data identifying the first user, (ii) data identifying date and time associated with receipt of the first electronic media submission, and (iii) data indicating content. As shown below, data identifying the first user (such as the user-seller) includes *e.g.,* a name and

data indicating content includes photo, audio and/or textual content associated with the listing. The data identifying date and time associated with receipt of the first electronic media submission is evident by user-submitted reviews containing multimedia content together with data identifying date and time associated with receipt of the first electronic media submission.



(*E.g.*, https://web.archive.org/web/20181019115738mp_/https://www.cars.com/sell/how-to/).



**Why do we need your VIN?**

(*E.g.*,　　　　https://web.archive.org/web/20200921041340/https://www.cars.com/sell/quick-offer/form/).



(*E.g.*, https://web.archive.org/web/20200921041340/https://www.cars.com/sell/quick-offer/form/).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.,* https://web.archive.org/web/20211019110512/https://www.reviewtrackers.com/blog/cars-com-dealer-reviews/).

24. Vehicle listings submitted by users are stored in more databases and are available to other users through Accused Instrumentality, for example as discussed above. The criteria associated with said vehicle listings include *e.g.,* location, vehicle condition (new or used), vehicle year, vehicle make, and the like as shown for example below.



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.,* https://www.youtube.com/watch?v=xDPDfqP9a6U).

25. The Accused Instrumentality employs an electronic multimedia creator server subsystem operatively coupled to the electronic media submissions server subsystem, necessarily having one or more second data processing apparatus in order to manage an electronic content filter to apply criteria associated with the vehicle listings to obtain a plurality of electronic media submissions from the one or more database and to develop multimedia content to be electronically available for viewing on at least one user device associated with the first user. For example with respect to a vehicle listing, as can be seen below, such electronic content filter as is used by Cars.com is based at least in part on at least one of the one or more criteria, (*e.g.,* based on, *inter alia*, location, vehicle condition (new or used), vehicle year, vehicle make) which in turn affect

which electronic media submissions appear to the user as shown and discussed for example below. Cars.com uses function-specific subsystems.



Suggestions for Cars.com from a car dealer

(*E.g.,* https://www.youtube.com/watch?v=xDPDfqP9a6U).

26.     The Accused Instrumentality employs an electronic release subsystem operatively coupled to the electronic multimedia creator server subsystem, necessarily having one or more third data processing apparatus in order to make the multimedia content electronically available for viewing on a plurality of user devices. For example, as shown below, multimedia content associated with a vehicle listing is provided on various user devices (*e.g.,* a computer or other device with a web browser or app) in response to a user logging in to Accused Instrumentality. Cars.com uses function-specific subsystems, for example as discussed above.



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).



(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).

27.     The Accused Instrumentality employs an electronic voting subsystem, necessarily having one or more data processing apparatus in order to track voting or electronic rating, configured to enable a user to electronically vote for or rate (*e.g.*, by the user's choices with respect to a selection of a Star Icon or by posting a review containing textual content) an electronically available multimedia content (*e.g.*, a vehicle listing provided by an user-seller submitter or a dealer profile submitted by the user-submitter). Cars.com uses function-specific subsystems, including respective data processing apparatuses, for example as discussed above.



(*E.g.*,   https://web.archive.org/web/20211019110512/https://www.reviewtrackers.com/blog/cars-com-dealer-reviews/).



**Suggestions for Cars.com from a car dealer**

Talking CarBiz
8.31K subscribers

690 views  Jul 30, 2019

(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).

28.     The Accused Instrumentality employs an electronic voting subsystem that enables other users to rate electronically available multimedia content by the user's choices with respect to a selection of a Heart icon.



**Suggestions for Cars.com from a car dealer**

Talking CarBiz
8.31K subscribers

690 views  Jul 30, 2019

(*E.g.*, https://www.youtube.com/watch?v=xDPDfqP9a6U).

29.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '576 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30.     To the extent marking is required, VCA has complied with all marking requirements.

## VI.  <u>JURY DEMAND</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.    Judgment that one or more claims of United States Patent No. 10,339,576 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.    Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

c.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

November 15, 2024                         Respectfully Submitted,

*/s/Steven G. Kalberg*
David R. Bennett (IL Bar No.: 6244214)
Steven G. Kalberg (IL Bar No.: 6336131)
P.O. Box 14184
Chicago, Illinois 60614-0184
Telephone: (312) 291-1667
dbennett@directionip.com
Telephone: (847) 508-1294
Skalberg@directionip.com

*Attorneys for Plaintiff*
*Virtual Creative Artists LLC*